IN THE MATTER OF GERARD McDONNELL, AN
ATTORNEY AT LAW.

October 13, 1982.

*Edward G. Madden, Jr.* argued the cause for the District V
Ethics Committee.

Respondent neither appeared nor formally waived appearance.

## ORDER

This matter coming before the Court on an order to show
cause why GERARD McDONNELL of West Orange should not
be disbarred or otherwise disciplined for his violation of *DR*
1–102(A)(1), (3), (4), (5) and (6), and said GERARD McDON-
NELL having failed to appear before this Court on the return
date of said order to show cause, and good cause appearing;

It is ORDERED that the report of the Disciplinary Review
Board recommending that respondent be disbarred is hereby
adopted; and it is further

ORDERED that GERARD McDONNELL be disbarred and that his name be stricken from the roll of attorneys of this State, effective immediately; and it is further

ORDERED that GERARD McDONNELL be and hereby is permanently restrained and enjoined from practicing law; and it is further

ORDERED that respondent comply with all the regulations of the Disciplinary Review Board governing suspended, disbarred or resigned attorneys; and it is further

ORDERED that respondent reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts; and it is further

ORDERED that respondent be served by certified mail to his last known address and by publication of this order for one week in the New Jersey Law Journal and a newspaper of general circulation in Sonoma County, California.

### Decision and Recommendation of the Disciplinary Review Board

To the Honorable Chief Justice and Associate Justices of the Supreme Court of New Jersey:

This matter is before the Board based upon a presentment filed by the District V Ethics Committee for Essex County. The complaint may be summarized as follows:

### ESTATE OF SIEBER

Respondent, a tax attorney, was retained to assist in the affairs of the Estate of Carroll Sieber by another attorney who was representing the Estate generally. In April 1978 it was discovered that four unauthorized checks had been drawn payable to respondent from the Estate trust account. The first check was dated December 5, 1977 in the amount of $3,500; the second, dated January 9, 1978, was in the amount of $2,000; the third, dated January 29, 1978, was in the amount of $3,000; and the fourth, dated February 21, 1978, was in the amount of $700. All four checks were endorsed "pay to the order of Midlantic

National Bank, for deposit only, Gerard McDonnell"; and bore the forged signature of the Estate's attorney, who referred the matter to the Essex County Prosecutor. Subsequently, Indictment # 957–78 was returned against respondent charging four counts of embezzlement and four counts of uttering forged instruments. Initial pleas of not guilty were entered; however, following plea negotiations respondent, on May 9, 1979, entered guilty pleas to two counts of embezzlement and two counts of uttering forged instruments and was sentenced to twelve months at the Essex County Corrections Center by the Honorable Joseph F. Walsh, J. S. C. The custodial portion of the sentence was suspended, however, and respondent was sentenced to two years probation on each count, to be served concurrently.

Respondent, in his answer to the ethics complaint and in his testimony before the Committee, neither denied in any way the allegations of misconduct nor asserted any affirmative defense. At the hearing before the District Ethics Committee respondent testified that there neither was nor could be any excuse for his actions.

## CONCLUSION AND RECOMMENDATION

Upon review of the full record, the Board is satisfied that the conclusions of the Committee in finding unethical conduct on the part of respondent are fully supported by clear and convincing evidence. Respondent's admitted forgery and embezzlement clearly violated DR 1–102(A)(1), (3), (4), (5) and (6). Misconduct such as that involved here damages the very essence of public trust and confidence in the legal profession. Disbarment has been consistently imposed in such cases. In re Emmel, 48 N.J. 412 (1967), In re McGinnis, 61 N.J. 459 (1972). The Board therefore recommends that respondent be disbarred and be required to reimburse the Administrative Office of the Courts for appropriate administrative costs, including production of transcripts.

DISCIPLINARY REVIEW BOARD

By: /s/   A. Arthur Davis, 3rd
    A. Arthur Davis, 3rd
    Chairman

DATED:  June 22, 1982